UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JORDAN BURKHART,

                  **Plaintiff,**

v.
                                                          23-CV-675JLS(Sr)

CHRISTOPHER T. PERRY,
CHRISTOPHER P. PERRY,
MATTHEW R. PERRY, and
PAVILION MOTORCROSS PARK, LLC,

                  **Defendants.**

CHRISTOPHER T. PERRY,
CHRISTOPHER P. PERRY,
MATTHEW R. PERRY,

                  **Third-Party Plaintiffs**

v.

SAMANTHA STEINER,

                  **Third-Party Defendant.**

_____

## ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Plaintiff filed this personal injury action alleging that the individual defendants assaulted him at the Pavilion Motorcross Park, LLC on October 16, 2022. Dkt. #1. Christopher T. Perry and Matthew R. Perry filed a third-party complaint alleging

that Samantha Steiner provoked the incident that resulted in plaintiff's personal injury and seek indemnification or contribution from her in the event that plaintiff recovers in his action against them. Dkt. ##33 & 42. Christopher T. Perry has filed Proof of Service upon Samantha Steiner on December 23, 2023. Dkt. #48. The Clerk of the Court issued a Summons on Matthew R. Perry's Third-Party Complaint on January 22, 2024. Dkt. #47.

By letter filed on January 16, 2024, Samantha Steiner advises the Court that due to plaintiff's injury, which has necessitated multiple hospital visits and surgeries and caused him to miss work, she and plaintiff are financially stressed and she is unable to afford counsel. Dkt. #43. Ms. Steiner also advises that she has been unable to respond to the complaint because she has been experiencing complications with her pregnancy. Dkt. #43. She asks the Court to appoint counsel. Dkt. #43.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

(1) Whether the indigent's position seems likely to be of substance or succeed on the merits;

(2) Whether the indigent is able to investigate the crucial facts concerning his or her claim;

  (3)  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

  (4)  Whether the legal issues involved are complex; and

  (5)  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *See also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

  Ms. Steiner has not provided the Court with sufficient information from which to assess her efforts to obtain legal counsel or her lack of resources[1] to do so. In any event, this action is in its early stages, making it difficult to assess the merits of third-party defendant's position or the public benefit which could be achieved by the appointment of counsel. Furthermore, her letter demonstrates a capacity to communicate the factual basis of her defense of this action to the Court.  Accordingly, Samantha Steiner has not established that the appointment of counsel is warranted at this time under the factors set forth above. She is encouraged to seek the assistance of the Court's *Pro Se* Assistance Program by contacting the Erie County Bar Association Volunteer Lawyers Project at (716) 847-0662, extension 340.

---

[1] Although third-party defendant, Samantha Steiner, need not proceed *in forma pauperis*, the Supporting Affirmation in support of a Motion to Proceed *In Forma Pauperis*, which can be found at https://www.nywd.uscourts.gov/pro-se-forms, would allow the Court to assess her financial need should she renew her request for appointment of counsel in the future.

The deadline to Answer or otherwise respond to Christopher T. Perry's third-party complaint is extended to March 1, 2024. The deadline to Answer or otherwise respond to Matthew R. Perry's third-party complaint is also extended to March 1, 2024, unless the manner and/or timing of such service of process would result in a later deadline for service of a responsive pleading.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
               **January 29, 2024**

     _s/ H. Kenneth Schroeder, Jr._
     **H. KENNETH SCHROEDER, JR.**
     **United States Magistrate Judge**